# W.S. BADCOCK CORPORATION v DOZIER
## Case No. 86 SP12 2938
County Court, Polk County

March 16, 1988

## APPEARANCES OF COUNSEL

**W. S. Badcock Corporation** pro se.

**Helen Dozier and Lemmie Dozier** pro se.

## OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

### *ORDER REINSTATING FINAL JUDGMENT*

A final judgment was entered in this case on December 31, 1987. Following entry of that order, the attorney for plaintiff asked for reconsideration, based on the specific language in the stipulation which was filed in this case, which was approved by order of the court.

Under this stipulation, the parties agreed on an amount owing and

defendant agreed to make payments. The order went on to state that a final judgment could be received by plaintiffs if defendants defaulted in making their payments.

The specific agreement as to what happened should defendants not keep to their stipulation was that a judgment pursuant to plaintiff's complaint would be entered "awarding to plaintiff permanent possession of the goods sought to be recovered by plaintiff herein." In approving this stipulation, this court interpreted it to mean that a judgment would be entered following default, taking into consideration the amount paid up until the time of default and that any judgment would be for the difference between the amount that was agreed to be owed and the amount that was actually paid. In a replevin action, the court assumed that chapter 520 on retail installment agreements would be followed. Section 520.351(2) requires that payments on revolving accounts are applied to a customer's debts "in the order in which the entries to the account showing the debts were made." Subsection (3) of that section requires payment to be applied first to the payment of the smallest debt, when two or more sales are made on the same day. Recognizing that section 520.351 requires release of the security interest as payments are made, plaintiff still maintains that this section was waived when defendants entered into a stipulation stating that if a payment was missed, *all* the property sought to be obtained by the replevin complaint was to be returned to the possession of the plaintiff, without applying any of the debts to this property.

First, this court would not have approved the stipulation, had it realized it was subject to the interpretation plaintiff wishes to give it. Plaintiff's interpretation does seem to be what the stipulation literally says, but this stipulation was drafted by plaintiff and the overall sense of it is that defendants would receive credit for amounts paid and a judgment only on amounts remaining or secured property only to the extent to cover the amount remaining on the debt.

In addition, even if the stipulation were more clear, it would be unenforceable. Defendants are *very* unsophisticated consumers. They are low income people, in very poor health, not working, not well educated, and certainly not knowledgeable about contracts. Additionally, when even the court did not realize the hardness and onesidedness of this stipulation, certainly these defendants could not be expected to do so. To enforce such a stipulation would be unconscionable and this court will not do so.

Based on the above, it is hereby

ORDERED AND ADJUDGED that the final judgment entered

December 31, 1987 is reinstated and reaffirmed to be effective as of December 31, 1987.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this March 16, 1988.